## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY,<br>P.O. Box 710<br>Tucson, AZ 85702-0710<br><br>      Plaintiff,<br><br>      v.<br><br>U.S. FISH AND WILDLIFE SERVICE,<br>1849 C Street, NW, Room 3358<br>Washington, DC 20240<br><br>U.S. ENVIRONMENTAL PROTECTION<br>AGENCY,<br>1200 Pennsylvania Avenue, NW<br>Washington, DC 20460<br><br>      Defendants. | Civil Action No.: 18-0342 |

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

1. The Center for Biological Diversity ("Center") brings this action under the Freedom of Information Act, 5 U.S.C. § 552, as amended ("FOIA"). Defendants, U.S. Fish and Wildlife Service and U.S. Environmental Protection Agency ("EPA"), have failed to make records available to the Center in response to requests submitted on June 27, 2017 for records related to the effects of EPA's authorization of the use of pesticides containing chlorpyrifos, diazinon, or malathion on species and their habitats protected under the Endangered Species Act. Defendants' refusal to release responsive records violates FOIA.

2. The Center seeks declaratory relief establishing that these two federal agencies have violated FOIA. The Center also seeks injunctive relief ordering the Fish and Wildlife Service and EPA to provide the Center with all responsive records without further delay.

**JURISDICTION AND VENUE**

3. This Court has jurisdiction over this matter pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

4. Venue is proper in this district pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).

5. Injunctive relief is appropriate under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 2202. Declaratory relief is appropriate under 28 U.S.C. § 2201.

**PARTIES**

6. Plaintiff CENTER FOR BIOLOGICAL DIVERSITY is a national, non-profit conservation organization with offices throughout the United States that works to protect native wildlife species and their habitats, including from exposure to toxic chemicals. The Center has more than 63,000 members. The Center and its members are harmed by Defendants' violations of FOIA because such violations preclude the Center from gaining a full understanding of the harmful environmental and human health effects of pesticides containing chlorpyrifos, diazinon, and malathion as well as an understanding of the regulatory approach to decisions to register pesticides in light of federal agency duties under the Endangered Species Act. Defendants' failure to comply with FOIA harms the Center's ability to provide full, accurate and current information to the public on a matter of public interest. Absent this information, the Center cannot advance its mission to protect native species and their habitat.

7. Defendant U.S. FISH AND WILDLIFE SERVICE is an agency of the U.S. government within the Department of the Interior. The Fish and Wildlife Service is in possession and control of the records that the Center seeks, and as such, it is subject to FOIA pursuant to 5 U.S.C. § 552(f) and is responsible for fulfilling the Center's FOIA request to it.

8.     Defendant U.S. ENVIRONMENTAL PROTECTION AGENCY ("EPA") is an independent agency of the U.S. government.  EPA is in possession and control of the records that the Center seeks, and as such, it is subject to FOIA pursuant to 5 U.S.C. § 552(f) and is responsible for fulfilling the Center's FOIA request to it.

## STATUTORY BACKGROUND

9.     FOIA requires agencies of the federal government to release requested records to the public unless one or more specific statutory exemptions applies.  5 U.S.C. § 552.

10.    FOIA places the burden on the agency to show that it may withhold responsive records from a requester.  *Id.* § 552(a)(4)(B).

11.    Within 20 working days of receiving a request, an agency must determine if it will release requested records and notify the requester of its determination and the reasons therefor, the right to seek assistance from the FOIA Public Liaison, and the right to appeal an adverse agency determination.  *Id.* § 552(a)(6)(A)(i).

12.    In "unusual circumstances," an agency may extend the time to make a determination by no more than 10 additional working days, but it must provide written notice to the requester setting forth the unusual circumstances for the extension and "the date on which a determination is expected to be dispatched."  *Id.* § 552(a)(6)(B)(i).  If the agency provides written notice that the request cannot be processed with the specified time limit, the agency shall provide "an opportunity to limit the scope of the request so that it may be processed within" the statutory time limit or "an opportunity to arrange with the agency an alternative time frame for processing the request or a modified request" and shall make available its FOIA Public Liaison" to "assist in the resolution of any disputes between the requester and the agency."  *Id.* § 552(a)(6)(B)(ii).

13. FOIA requires each agency to make reasonable efforts to search for records in a manner that is reasonably calculated to locate records that are responsive to the FOIA request. *Id.* § 552(a)(3)(C)-(D).

14. FOIA requires federal agencies to promptly disclose requested records. *Id.* § 552(a)(3)(A), (a)(6)(C)(i).

15. In certain limited instances, records may be withheld pursuant to nine specific exemptions. *Id.* § 552(b). These exemptions must be narrowly construed in light of FOIA's dominant objective of disclosure, not secrecy.

16. FOIA provides this Court jurisdiction "to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant." *Id.* § 552(a)(4)(B).

## STATEMENT OF FACTS

### Background to the FOIA Requests

17. Pesticides are poisons designed to kill insects, plants, mammals and other organisms considered to be pests. Pesticides may also harm humans and harm or kill other living beings (referred to as "non-target organisms"). Generally, a pesticide product may not be sold or used in the United States unless EPA registers it for a particular use or uses pursuant to the Federal Insecticide, Fungicide, and Rodenticide Act ("FIFRA"). 7 U.S.C. § 136a(a). EPA's pesticide product registration actions trigger EPA's duty to comply with Section 7 of the Endangered Species Act ("ESA"). 16 U.S.C. § 1536(a)(2); *Ctr. for Biological Diversity v. EPA*, 847 F.3d 1075, 1091-93 (9th Cir. 2017).

18. Under Section 7(a)(2) of the Endangered Species Act, each federal agency has a substantive duty to "insure" that any action it authorizes "is not likely to jeopardize the continued

existence of any endangered species or threatened species or result in the destruction or adverse modification" of critical habitat. 16 U.S.C. § 1536(a)(2). Section 7(a)(2) imposes a separate, procedural duty to consult with the expert wildlife agencies, either the U.S. Fish and Wildlife Service or the National Marine Fisheries Service (collectively "Services"). EPA must review its actions "at the earliest possible time" and if the action "may affect" any listed species or critical habitat, it must engage in consultation with the Services. 50 C.F.R. § 402.13-402.14. Typically, EPA provides its ESA "effects determination" in a Biological Evaluation.

19. In practice, EPA rarely makes Endangered Species Act effects determinations or initiates consultation prior to authorizing pesticide registration actions, unless it has been ordered by a court to do so. For more than a decade, there have been numerous lawsuits, settlements, and court orders to get the agencies to comply with the Endangered Species Act concerning the effects of pesticides on protected species such as the San Joaquin kit fox, the Bay checkerspot butterfly, the California red-legged frog, and Pacific salmon and steelhead.

20. In 2014, EPA and the Services represented to Congress that EPA intended to address its Endangered Species Act obligations for pesticide registrations "by conducting nationwide scale effects determinations" and that it worked with litigants "to align lawsuits so that the agencies could focus on national level consultations on all ESA-listed species rather than focus on single species, or a small subset of species in smaller geographical areas."

21. In 2014, the Center agreed to the agencies' requests to allow them to satisfy their Endangered Species Act duties by completing consultation on the effects of the use of chlorpyrifos, diazinon, and malathion on all species nationwide rather than on a regional or species-by-species basis, as required by court orders.

22.     EPA submitted the Biological Evaluations for these three pesticides to the Services in January 2017.  EPA determined that the use of these three pesticides is likely to adversely affect 1,778 endangered or threatened species and likely to adversely affect the designated critical habitat of 780 species.

23.     The Services committed to make their draft Biological Opinions on these three pesticides available to the public in May 2017 and allow 60 days for the public to comment on the draft Biological Opinions.  The Services committed to complete final Biological Opinions by December 31, 2017.

24.     In April 2017, attorneys for pesticide producer Dow AgroSciences and others insisted that EPA withdraw the Biological Evaluations for chlorpyrifos, diazinon, and malathion and that the Services stop work on their Biological Opinions for these pesticides.

25.     EPA and the Services did not make the draft Biological Opinions available to the public for comment in May 2017, nor have they to date.

26.     In mid-November 2017, EPA and the Fish and Wildlife Service agreed with each other to indefinitely extend the consultation on the registration of pesticide products containing chlorpyrifos, malathion, and diazinon.  The Fish and Wildlife Service did not complete the final Biological Opinion by December 31, 2017.

**Request to Fish and Wildlife Service (FWS-2017-00965)**

27.     On June 27, 2017, the Center submitted to the Fish and Wildlife Service (hereafter "Service") a FOIA request for all records, from April 1, 2017 to the date of search, mentioning or including the draft and/or final biological evaluations or draft and/or final biological opinions concerning chlorpyrifos, diazinon, and malathion.  Agency FOIA Tracking No. FWS-2017-00965.

28.     The Service has not provided to the Center any records in response to its June 27, 2017 FOIA request as of the filing of this complaint.  The Service has not provided an estimated dated by which the Service will complete the processing of the request.

29.     On July 12, 2017, the Service emailed the Center that it placed this request in the "Exceptional/Voluminous Track," claimed a 10-day extension, agreed to process the request on a rolling basis with interim releases of responsive records, and could not provide an estimated date for a final determination but intended to provide an initial determination by August 8, 2017.

30.     On August 9, 2017, the Center emailed the Service asking about the status of the request and whether any records had been sent, and requested an estimated date of completion. On August 13, 2017, the Service responded that it could not provide any of this information.

31.     On October 13, 2017, the Service and the Center confirmed their agreement to split the June 27, 2017 FOIA request such that records concerning chlorpyrifos, diazinon, and malathion Biological Evaluations and Biological Opinions would remain under the original tracking number (FWS-2017-00965) and that records concerning two other pesticides, carbaryl and methomyl, would be tracked as a separate request, which is not at issue in this complaint.

32.     On November 17, 2017, the Center requested a status update on the narrowed request (FWS-2017-00965).  The Center asked the Service to prioritize requests for records related to the draft Biological Opinions for chlorpyrifos, diazinon, and malathion, specifically, the draft Biological Opinions themselves, rather than the request for records related to the Biological Evaluations for these three chemicals.

33.     On December 8, 2017, the Service emailed the Center a status update that the draft incremental release letter addressing the request for the draft Biological Opinions for chlorpyrifos, diazinon, and malathion had been submitted to the Service's FOIA Officer.  As of

the filing of this complaint, the Service has not provided to the Center any versions of the draft Biological Opinions for chlorpyrifos, diazinon, and malathion.

34. The Service did not notify the Center of a determination that described the scope of the records it intends to produce or withhold and the reasons for withholding any records or inform the Center that it may appeal any specific adverse determination within the relevant time periods in 5 U.S.C. § 552(a)(6)(a)(i) or 5 U.S.C. § 552(a)(6)(B). The Center is deemed to have exhausted its administrative remedies pursuant to 5 U.S.C. § 552(a)(6)(C)(i).

35. The Service has no lawful basis under FOIA for its delay or to withhold or redact the records the Center requested in its June 27, 2017 FOIA request.

36. The Center has been required to expend resources to prosecute this action.

### Request to EPA (EPA-HQ-2017-008866)

37. On June 27, 2017, the Center submitted to EPA a FOIA request for all records, from April 1, 2017 to the date of search, mentioning or including the draft and/or final biological evaluations concerning chlorpyrifos, diazinon, and malathion. Agency FOIA Tracking No. EPA-HQ-2017-008866.

38. EPA has not provided to the Center any records in response to its June 27, 2017 FOIA request (EPA-HQ-2017-008866) as of the filing of this complaint.

39. On August 10, 2017, the Center sent EPA a letter providing notice that EPA had violated FOIA's deadline to provide a determination on the Center's request within 20 business days, or July 26, 2017. The Center also requested an estimated completion date.

40. On August 11, 2017, EPA estimated it would take 6 to 8 months to complete processing collected responsive records and agreed to provide the records on a rolling basis.

41. On September 20, 2017, the Center again notified EPA of a deadline violation and EPA responded with a status report on this and other FOIA requests.

42. On December 7, 2017, due to the passage of time, the Center amended its FOIA request (EPA-HQ-2017-008866) to include a request for the draft Biological Opinions for chlorpyrifos, malathion, and diazinon, which EPA had represented to the public would be released for public comment in late May or early June 2017.  The Center asked EPA to prioritize this specific request for the draft Biological Opinions.  On December 7, 2017, EPA agreed to start processing this portion of the request "immediately making it our priority per your request." EPA asked for 20 working days to make a determination on the requested records, which expired on or about January 8, 2018.  As of the filing of this complaint, EPA has not provided to the Center any versions of the draft Biological Opinions for chlorpyrifos, diazinon, and malathion.

43. EPA did not notify the Center of a determination that described the scope of the records it intends to produce or withhold and the reasons for withholding any records or inform the Center that it may appeal any specific adverse determination within the relevant time periods in 5 U.S.C. § 552(a)(6)(a)(i) or 5 U.S.C. § 552(a)(6)(B).  The Center is deemed to have exhausted its administrative remedies pursuant to 5 U.S.C. § 552(a)(6)(C)(i).

44. EPA has no lawful basis under FOIA for its delay or to withhold or redact the records the Center requested in its June 27, 2017 FOIA request.

45. The Center has been required to expend resources to prosecute this action.

COMPLAINT                                                                                                        Center for Biological Diversity
9

# CLAIMS FOR RELIEF

## FIRST CLAIM FOR RELIEF
### The Service's Violation of the Freedom of Information Act, 5 U.S.C. § 552

46. Plaintiff re-alleges and incorporates by reference the allegations made in all preceding paragraphs.

47. The Center properly requested records within the control of the Fish and Wildlife Service through its June 27, 2017 FOIA request to the agency (FWS-2017-00965).

48. Defendant Fish and Wildlife Service's failure to make a determination on Plaintiff's FOIA request or make available the records the Center specifically requested within the time frames mandated by the statute violates FOIA, 5 U.S.C. § 552, including but not limited to the duties to conduct a reasonable search for responsive records, to take reasonable steps to release all nonexempt records, and to not withhold responsive records.

49. Based on the nature of the Center's organizational activities, it will undoubtedly continue to employ FOIA's provisions in information requests to the Fish and Wildlife Service in the foreseeable future.

50. The Center's organizational activities will be adversely affected if the Fish and Wildlife Service is allowed to continue violating FOIA's disclosure provisions.

51. Unless enjoined and made subject to a declaration of the Center's legal rights by this Court, the Fish and Wildlife Service will continue to violate the Center's rights to receive public records under FOIA.

52. The Center is entitled to reasonable costs of litigation, including attorney fees, pursuant to FOIA. 5 U.S.C. § 552(a)(4)(E).

**SECOND CLAIM FOR RELIEF**
**EPA's Violation of the Freedom of Information Act, 5 U.S.C. § 552**

53.     Plaintiff re-alleges and incorporates by reference the allegations made in all preceding paragraphs.

54.     The Center properly requested records within the control of EPA through its June 27, 2017 FOIA request to the agency (FWS-2017-00965).

55.     Defendant EPA's failure to make a determination on Plaintiff's FOIA request or make available the records the Center specifically requested within the time frames mandated by the statute violates FOIA, 5 U.S.C. § 552, including but not limited to the duties to conduct a reasonable search for responsive records, to take reasonable steps to release all nonexempt records, and to not withhold responsive records.

56.     Based on the nature of the Center's organizational activities, it will undoubtedly continue to employ FOIA's provisions in information requests to EPA in the foreseeable future.

57.     The Center's organizational activities will be adversely affected if EPA is allowed to continue violating FOIA's disclosure provisions.

58.     Unless enjoined and made subject to a declaration of the Center's legal rights by this Court, EPA will continue to violate the Center's rights to receive public records under FOIA.

59.     The Center is entitled to reasonable costs of litigation, including attorney fees, pursuant to FOIA.  5 U.S.C. § 552(a)(4)(E).

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court:

(1)     Declare that each Defendant violated the Freedom of Information Act by failing to lawfully satisfy Plaintiff's June 27, 2017 FOIA requests;

  (2) Order each Defendant to search for any and all responsive records to Plaintiffs' June 27, 2017 FOIA requests using search methods reasonably likely to lead to discovery of all responsive records;

  (3) Order each Defendant to produce, by a date certain, any and all non-exempt responsive records and a *Vaughn* index of any responsive records withheld under a claim of exemption, at no cost to Plaintiff;

  (4) Enjoin each Defendant from continuing to withhold any and all non-exempt responsive records;

  (5) Retain jurisdiction of this action to ensure the processing of Plaintiff's FOIA requests and that no agency records are improperly withheld;

  (6) Award Plaintiff its costs and reasonable attorney fees pursuant to 5 U.S.C. § 552(a)(4)(E) or 28 U.S.C. § 2412; and

  (7) Grant such other and further relief as the Court may deem just and proper.

DATED: February 13, 2018    Respectfully submitted,

    */s/ Margaret E. Townsend*
    Margaret E. Townsend (D.C. Bar No. OR0008)
    Center for Biological Diversity
    P.O. Box 11374
    Portland, OR 97211-0374
    (971) 717-6409
    mtownsend@biologicaldiversity.org

    */s/ Stephanie M. Parent*
    Stephanie M. Parent, *Pro hac vice admn pending*
    Center for Biological Diversity
    P.O. Box 11374
    Portland, OR 97211-0374
    (971) 717-6404
    sparent@biologicaldiversity.org

    *Attorneys for Plaintiff*